J-A01012-20 & J-A01013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
            Appellant                 :
                                      :
                                      :
            v.                     :
                                      :
                                      :
COLIN IRWIN                        :    No. 840 EDA 2019

Appeal from the Order Entered March 15, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000168-2018

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
            Appellant                 :
                                      :
                                      :
            v.                     :
                                      :
                                      :
COLIN IRWIN                        :    No. 1038 EDA 2019

Appeal from the Order Entered March 14, 2019
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000168-2018

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:           **FILED FEBRUARY 28, 2020**

At 840 EDA 2019, the Commonwealth appeals from the order prohibiting the prosecution from presenting testimony from the complainant and two eyewitnesses as a sanction for a discovery violation. At 1038 EDA 2019, the

---

[*] Retired Senior Judge assigned to the Superior court.

Commonwealth appeals from the order denying its request to continue the sanctions hearing. We reverse the trial court's order at 840 EDA 2019 and remand for further proceedings. In light of our disposition, we dismiss the appeal at 1038 EDA 2019 as moot.

Briefly, Appellee was charged with aggravated assault, simple assault, and harassment[1] after he allegedly punched Christopher James Barbaro (the complainant) in the face. After the incident, Pennsylvania State Trooper John Medrano took statements from the complainant, as well as eyewitnesses Jammie L. Fabela, Jr., and Alex Michael Simmons. On May 7, 2018, the Commonwealth filed a criminal information charging Appellee with the aforementioned offenses.[2]

The trial court summarized the subsequent procedural history as follows:

> [Appellee] requested [informal] discovery from the District Attorney's Office on August 28, 2018. [Appellee] received a discovery packet on December 21, 2018, and the Commonwealth indicated that there were additional investigative materials in the possession of the Pennsylvania State Police that the Commonwealth had not yet received. Specifically, the discovery packet did not contain the [complainant's] statement and statements from at least two witnesses of the alleged assault who were interviewed at the Pennsylvania State Police Blooming Grove Barracks on June 14, 2017. The police report within the discovery packet included synopses of the witness statements, which

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

[2] Based on testimony from Trooper Medrano at the preliminary hearing, the trial court held Appellee for court on all charges.

included what was said before the alleged fight broke out, how [Appellee] allegedly exited the vehicle before the alleged fight broke out, and the number of witnesses at the scene. The synopses of the witnesses' statements also mention[ed] [one] additional witness who [was] not named in the police report. [Appellee] argued that the [one] additional witness may be specifically named in the undisclosed witness statements.

[Appellee] initially filed a motion for discovery on December 21, 2018.[3] After a hearing held on January 24, 2019,[4] and without objection from the Commonwealth, [the trial c]ourt issued an order [for] the Commonwealth to disclose all mandated discovery materials, including witness statements, to counsel for [Appellee] within fourteen (14) days of the date of that order. The order specifically provided that the failure to provide the mandated discovery materials would result in sanctions, including preclusion of the introduction of such materials at trial. As previously noted, the Commonwealth did not object to the entry of this order. At the time of entry of the [trial c]ourt's January 24, 2019 order, the above matter was scheduled for jury trial during the March 2019 Criminal Term of Court.

[Appellee] next filed an emergency motion for sanctions for discovery violations on March 12, 2019, three (3) days prior to the date of jury selection for the March 2019 Criminal Term of Court.[5] By order dated March 12, 2019, [the trial c]ourt

---

[3] Appellee explained that the Commonwealth had attempted to obtain the missing witness statements, but "for unknown reasons," the state police had failed to produce them. *See* Mot. for Discovery, 12/21/18, at 1. Appellee requested an order from the trial court "directing the Pennsylvania State Police to provide any and all investigative materials, including but not limited to witness statements, to counsel for the Commonwealth immediately . . . for the purpose of providing mandatory discovery to the defense." *Id.* at 2. Appellee also indicated that the Commonwealth concurred in the motion. *Id.*

[4] The certified record does not contain a transcript from this hearing.

[5] Appellee argued that he could not effectively cross-examine the complainant or the eyewitnesses without copies of their actual statements. *See* Mot. for Sanctions, 3/12/19, at 6 (unpaginated). Further, Appellee asserted that he

scheduled a hearing on [Appellee]'s emergency motion [for] March 14, 2019. The Commonwealth filed a written motion for continuance on March 13, 2019.[6] [The trial c]ourt denied the Commonwealth's motion for continuance on March 14, 2019, and a hearing was held on [Appellee]'s emergency motion on the scheduled date of March 14, 2019.

Trial Ct. Op., 5/14/19, at 1-3.

At the sanctions hearing, Appellee acknowledged that the Commonwealth did everything possible to obtain the missing discovery, "including phone calls, texts, letters, [and] sending copies of the [m]otion" to state police. N.T., 3/14/19, at 11. Nonetheless, Appellee argued that the Commonwealth should be sanctioned because "the state police didn't turn over necessary documents that they were ordered to turn over" and a continuance would give the Commonwealth "another bite at the apple." *Id.* at 14-15. Further, Appellee argued that an additional delay would be unfair because Appellee had "a clean record and he has aggravated assault charges holding over his head." *Id.* at 13.

In response, the Commonwealth presented testimony from Sarah Wilson, Esq., the Assistant District Attorney assigned to Appellee's case. *Id.* at 15. ADA Wilson stated that "[d]ating back to the date of the preliminary

_____

could not adequately prepare for trial without the name of the fourth witness, who was identified in the missing witness statements. *Id.*

6 The Commonwealth stated that it intended to present testimony from Trooper Medrano of the Pennsylvania State Police. **See** Mot. for Trial Continuance, 3/13/19, at 1. However, because the hearing was scheduled for the next day, the Commonwealth "was unable to secure and serve subpoenas upon the necessary witnesses for the hearing upon [Appellee's] emergency motion." *Id.* at 2.

- 4 -

hearing I had indicated to Trooper Medrano that I would need . . . those three statements on numerous occasions in order to provide them to the defense and to prepare for trial." *Id.* at 20. On cross-examination, Appellee asked ADA Wilson if she "had actually seen those statements to exist." *Id.* at 21. ADA Wilson stated that she "saw statement forms in the possession of Trooper Medrano [at the preliminary hearing] which he indicated were in reference to this case. I do not know whose exactly statement form I saw." *Id.*

The Commonwealth introduced exhibits detailing ADA Wilson's efforts to obtain the missing witness statements, which included (1) an October 15, 2018 email from ADA Wilson to Trooper Medrano; (2) a December 21, 2018 email from ADA Wilson to Appellee suggesting that he file a motion to compel discovery in light of the state police's failure to provide the missing statements; and (3) a February 11, 2019 email from ADA Wilson to Trooper Medrano, which included a copy of the trial court's January 30, 2019 order to compel discovery. *Id.* at 16-18. ADA Wilson also indicated that she exchanged text messages with Trooper Medrano and spoke with him in person about the missing statements, but he failed to provide them. *Id.* at 20.

The Commonwealth acknowledged that it was responsible for providing exculpatory discovery materials to the defense, even when those items are in police custody. *Id.* at 22-23. However, the Commonwealth argued that "the exact substance" of these particular statements was based on speculation by Appellee. *Id.* at 22. Finally, the Commonwealth addressed the trial court as follows:

> Your Honor perhaps there [were] some statements that existed at one point. We don't know if they are still there. It is my understanding that the Court has denied a continuance or will deny continuance for us to have the state police subpoenaed to come here to say whether those statements exist, whether they lost them which may be helpful to this Court if the Court is going to impose any sanctions on the Commonwealth where the Commonwealth has a [complainant] in this case.

*Id.* at 23.

The trial court took Appellee's motion under advisement, and the matter remained scheduled for jury selection. On March 15, 2019, the trial court granted Appellee's motion. As a sanction for the discovery violation, the trial court issued an order precluding testimony from the complainant and the two eyewitnesses. The trial court also issued an order denying the Commonwealth's continuance request.

At 840 EDA 2019, pursuant to Pa.R.A.P. 311(d),[7] the Commonwealth timely appealed from the order imposing sanctions. At 1038 EDA 2019, the Commonwealth timely appealed from the order denying its request to continue the sanctions hearing. The Commonwealth complied with the trial court's orders to file Pa.R.A.P. 1925(b) statements at both docket numbers. The trial court issued a Rule 1925(a) opinion asserting that the Commonwealth's claims

---

[7] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." PA.R.A.P. 311(d).

were meritless and its appeal from the order denying its continuance request should be quashed.

The Commonwealth raises the following issues on appeal:[8]

1. Whether the [trial] court abused its discretion by precluding testimony of the [complainant] and two eyewitnesses[,] a judgment manifestly unreasonable under the circumstances, where [Appellee] had knowledge of statements made by the [complainant] and witnesses, the police were in sole possession of the statements and [Appellee] failed to demonstrate the statements were exculpatory or that [Appellee] was prejudiced by lack of access?

2. Whether the [trial] court unreasonably and arbitrarily denied a Commonwealth motion for continuance of a discovery sanctions hearing, when the Commonwealth was given only one full day notice to secure the affiant's attendance at the hearing?

Commonwealth's Brief at 4.

The Commonwealth argues that "the preclusion of the [complainant] and [eyewitness] testimony is tantamount to that of a dismissal of the case." *Id.* at 10. The Commonwealth acknowledges that a trial court has discretion to fashion an appropriate remedy for a discovery violation. *Id.* However, it argues that a dismissal is "extreme and should only be used where egregious and blatant prosecutorial misconduct is present. When a prosecutor has no deliberate bad faith and no intention to deprive the defendant of a fair trial, the appropriate remedy should be less severe than a dismissal." *Id.* The

_____

[8] On July 12, 2019, this Court denied the Commonwealth's request to consolidate the two docketed appeals. However, we directed the Commonwealth to file one brief addressing the issues raised in both appeals.

Commonwealth asserts that it "took all measures it could in reaching out to Pennsylvania State Police to obtain the" missing statements and there was no showing that the Commonwealth engaged "in willful bad faith or blatant prosecutorial misconduct." *Id.* Further, it contends that Appellee failed to establish "how the discovery was exculpatory and therefore, the missing statements were non-mandatory discovery." *Id.* at 11.

"Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017) (citation and quotation marks omitted), *appeal denied*, 189 A.3d 986 (Pa. 2018). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (citation and quotation marks omitted).

Rule 573 of the Pennsylvania Rules of Criminal Procedure governs pretrial discovery in criminal cases and provides, in pertinent part, as follows:

**(B) Disclosure by the Commonwealth.**

(1)  *Mandatory.*  In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.  The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a)    Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

(b)    any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

\*    \*    \*

(2) *Discretionary With the Court.*

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses;

(ii) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

\*    \*    \*

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

\*    \*    \*

**(E) Remedy**.    If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order

- 9 -

> such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(B)(1), (E).

We have explained that

> Rule 573 does not abridge or limit the Commonwealth's duty to provide discovery pursuant to **Brady v. Maryland**, 373 U.S. 83, (1963), and its progeny. "In **Brady**, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." **Commonwealth v. Burke**, 781 A.2d 1136, 1141 (Pa. 2001) (quotation marks omitted). "There are three components of a true **Brady** violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." **Strickler v. Greene**, 527 U.S. 263, 281-82 (1999).

**Commonwealth v. Maldonodo**, 173 A.3d 769, 774 (Pa. Super. 2017) (some citations omitted).

The duties to disclose information imposed by **Brady** and Rule 573 are overlapping, but they are not identical. **See id.**; **see also Commonwealth v. Sullivan**, 820 A.2d 795, 802-03 (Pa. Super. 2003). The focus of **Brady** is the prompt disclosure of evidence that is favorable to the defense, which is incorporated in Rule 573(B)(1)(a). Rule 573 is broader to the extent it requires disclosure of inculpatory information. **See Sullivan**, 820 A.2d at 803-04.

However, our Supreme Court has explained that

> [a]s the text of Rule 573(B)(1) suggests, when the evidence is exclusively in the custody of police, possession is not attributed to the Commonwealth for purposes of Rule 573. [**Burke**, 781 A.2d at 1142]. Whether the Commonwealth's failure to disclose evidence that is exclusively in police custody constitutes a violation of [**Brady**], of course, is a different matter. If the undisclosed evidence implicates **Brady** (*i.e.*, if it is favorable to the accused and its non-disclosure resulted in prejudice to his case), then the Commonwealth is charged with its possession even while it is exclusively in the custody of police. **Kyles v. Whitley**, 514 U.S. 419, 437-38, (1995); **Burke**, 781 A.2d at 1142 & n. 6 (making this distinction between **Brady** cases and Rule 573 cases).

**Commonwealth v. Collins**, 957 A.2d 237, 253 (Pa. 2008) (some citations omitted).

The purpose of the discovery rules is to prevent a trial by ambush that violates a defendant's right to due process. **Commonwealth v. Ulen**, 650 A.2d 416, 419 (Pa. 1994) (discussing the prior version of Pa.R.Crim.P. 573). If the Commonwealth commits a discovery violation, "[t]he trial court has broad discretion in choosing the appropriate remedy." **Commonwealth v. Brown**, 200 A.3d 986, 993 (Pa. Super. 2018) (citations omitted). However, such "discretion is not unfettered." **Commonwealth v. Smith**, 955 A.2d 391, 395 (Pa. Super. 2008) (*en banc*) (citation omitted). This Court has suggested that in most cases, "[a] continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise." **Id.**

"In some cases, under some facts, it may be appropriate for a court to dismiss charges where the Commonwealth fails to abide by an order of that court." **Commonwealth v. Robinson**, 122 A.3d 367, 372 (Pa. Super. 2015)

(citation omitted). However, "[t]he failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest." ***Id.*** (citation omitted).

As our Supreme Court has explained,

> Dismissal of criminal charges punishes not only the prosecutor . . . but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.
>
> \*   \*   \*
>
> While this Court does not minimize the ethical and legal obligations of the prosecution to comply with lawful discovery requirements, where there is no evidence of deliberate, bad faith overreaching by the prosecutor intended to provoke the defendant into seeking a mistrial or to deprive the defendant of a fair trial, the proper remedy for the Commonwealth's failure to disclose exculpatory materials should be less severe than dismissal.

***Burke***, 781 A.2d at 1144, 1146 (citations omitted).

Here, the trial court acknowledged that the Commonwealth attempted to obtain the missing witness statements from the State Police. ***See*** Trial Ct. Op., 5/14/19, at 7. Nonetheless, the trial court granted Appellee's motion for discovery sanctions,

in part because of our prior order dated January 30, 2019, which ordered the disclosure of any mandated discovery, specifically any witness statements. The January 30, 2019 order also specifically noted that the Commonwealth would suffer appropriate sanctions if it failed to provide such materials within fourteen days of the date of that order. We further noted that the written statements of the [complainant] and two alleged witnesses were material and germane to the charges filed against [Appellee]. Finally, we noted that ample opportunity was afforded to the Commonwealth to provide these mandated discovery materials and that no reason was offered as to the failure to provide the materials.

* * *

It remains unclear to this court as to why the Pennsylvania State Police never forwarded the [complainant] and witness statements to the District Attorney's office and why the latter was unable to obtain such statements from the former for such an extended period of time. It is undisputed, however, that, as of March 15, 2019, the date of jury selection for the March 2019 Criminal Term of Court, the Commonwealth had not yet produced copies of such statements to the defense. The record reflects ample opportunity was provided to the Commonwealth to produce such discovery materials and notice was given, by virtue of the January [30], 2019 order, of the Court's intention to enter sanctions if the discovery materials were not produced.

As the Commonwealth failed to provide such [complainant] and witness statements, this court had to determine the appropriate sanctions to impose for the discovery violation. The mere preclusion of introduction of the [complainant] and witness statements would have been insufficient in this matter since the [complainant] and witnesses would have then been allowed to testify at trial even though the defense was not provided with their respective police statements prior to trial. Given the length of time in which the Commonwealth had to produce the discovery materials and the high likelihood of the subject statements containing exculpatory materials for the defense, *i.e.*, eyewitness accounts of the alleged assault, it was clear to this court that the extreme sanction of preclusion of the testimony of the [complainant] and two witnesses was warranted.

Based on the aforementioned reasons, this court stands by its March 15, 2019 order and believes that the sanction imposed on the Commonwealth which preclude[d] the material testimony of

the [complainant] and two alleged witnesses at trial is appropriate in light of the discovery violation committed by the Commonwealth. We believe it to be obvious that the undisclosed statements would be significant and absolutely necessary in order for [Appellee] to prepare adequately for trial. Certainly, the non-disclosure of the subject statements could not simply be ignored. Although the Commonwealth provided credible evidence as to its efforts to obtain the mandated discovery materials, we believe the sanctions imposed are appropriate in light of the relevant Supreme Court and Pennsylvania case law on this issue as well as this court's discretion in fashioning an appropriate discovery sanction based on the circumstances of the particular case.

***Id.*** at 7-9 (some formatting altered).

Based on our review of the record, we understand the trial court's frustration with the Commonwealth. Nonetheless, we are constrained to conclude that the trial court abused its discretion by imposing sanctions that amounted to a dismissal of the charges against Appellee. ***See Smith***, 955 A.2d at 395. The trial court made no finding of prosecutorial misconduct. Instead, the trial court found that the Commonwealth "provided credible evidence as to its efforts to obtain the mandated discovery materials." ***See*** Trial Ct. Op. at 4. Although the Commonwealth could have exercised greater diligence, based on this record, its failure to obtain the witness statements does not rise to the level of blatant misconduct warranting dismissal. ***See Burke***, 781 A.2d at 1146; ***see also Smith***, 955 A.2d at 395 (stating that dismissal was inappropriate where the Commonwealth's discovery violation was not intended to provoke the defendant into seeking a mistrial or deprive him of a fair trial).

Further, there is no indication that Appellee would suffer undue prejudice if the Commonwealth was provided with another opportunity to obtain the missing witness statements.[9] ***See Burke***, 781 A.2d at 1146; ***see also Robinson***, 122 A.3d at 372 (stating where there is no "failure of justice or prejudice to a defendant to justify the discharge of a criminal action," then other sanctions can be imposed "without defeating the public interest" (citation omitted)). Accordingly, we reverse the trial court's order imposing sanctions at 840 EDA 2019, and remand the matter to the trial court for further proceedings consistent with this memorandum.

Given our disposition of the Commonwealth's first issue, we decline to address whether the trial court abused its discretion by denying the Commonwealth's request for a continuance of the sanctions hearing. Further, in light of the fact that the Commonwealth has obtained the missing witness statements, there is no need for the trial court to conduct a new hearing. Therefore, we dismiss the appeal at 1038 EDA 2019 as moot.

Order at 840 EDA 2019 reversed. Appeal at 1038 EDA 2019 dismissed as moot. Case remanded. Jurisdiction relinquished.

_____

[9] Indeed, on April 23, 2019, the Commonwealth filed an answer to Appellee's discovery motion, which included the missing witness statements along with an email from Trooper Medrano. Trooper Medrano apologized for the confusion, and indicated that that the missing report was located after having been "misfiled." ***See*** Commonwealth's Answer to Mot. for Discovery in a Crim. Case, 4/23/19, Ex. 1.

Judge Murray joins the memorandum.

Judge Colins files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20